UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT EDWARD DAHL, JR.,

Plaintiff,

v.

TIMOTHY VIRGA, et al.,

Defendants.

No. 2:14-cv-0949 AC P

ORDER

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff has consented to the jurisdiction of the undersigned.

By order filed on April 22, 2014, plaintiff was directed to file the appropriate affidavit in support of a request to proceed in forma pauperis or to submit the appropriate filing fee. ECF No. 3. Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

1

forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "The pleading must contain something more. . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-35 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421(1969).

Plaintiff's Allegations

Plaintiff names the following as defendants: Timothy Virga,(former acting) warden at California State Prison-Sacramento; Matthew Cate, (former) Secretary of the California Department of Corrections and Rehabilitation (CDCR);  Kathleen L. Dickinson, whom plaintiff identifies as "Director of C.D.C.R."; L.M. Pennisi, Jr., a correctional sergeant at Salinas Valley State Prison (SVSP); Crabtree, Investigative Services Unit (I.S.U.) Officer at SVSP; and Prewitt, SVSP Building 1 and 2 D-yard property officer.  Plaintiff also states that he filed an action against these same individuals in Case No. 2:13-cv-02313 CMK P, a case of which this court takes judicial notice.[1]  Complaint, ECF No. 1 at 1-2.

The following constitutes the entirety of the allegations of the instant complaint:

> Since 6-1-12 I've contacted all these people in regards to my missing property to no avail and now all of my stuff from the rest of my legal work to property [sic] is all gone all I've got are a few things the [sic] were not allowed in P.S.U. I had already tried to go through proper channels but sence [sic] filing a 2254 against them they made the rest of my stuff come up missing.

Complaint at 3.

Rule 8

Plaintiff's allegations do not satisfy the requirements of Rule 8 of the Federal Rules of Civil Procedure.  Rule 8 requires "sufficient allegations to put defendants fairly on notice of the claims against them."  McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991) (citing Conley v. Gibson, 355 U.S. 41, 47 (1957); 5 C. Wright & A. Miller, Federal Practice and Procedure § 1202 (2d ed. 1990)).  Although the Federal Rules adopt a flexible pleading policy, a complaint must provide fair notice and state the elements of the claim plainly and succinctly.  Jones v.

---

[1] A court may take judicial notice of court records. See Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994); MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

3

1  Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  "Plaintiff must allege with at
2  least some degree of particularity overt acts which defendants engaged in that support plaintiff's
3  claim."  Id. (internal citation/quotation marks omitted).  Because plaintiff has failed to comply
4  with the requirements of  Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court
5  will, however, grant leave to file an amended complaint.

6        Right of Access to the Courts

7        If plaintiff intends to allege a denial of his right of access to the courts, he is informed that
8  prisoners do have a constitutional right of access to the courts.  See Lewis v. Casey, 518 U.S. 343,
9  346 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977), limited in part on other grounds by
10 Lewis, 518 U.S. at 354; Phillips v. Hust, 588 F.3d 652, 655 (9th Cir. 2009); Ching v. Lewis, 895
11 F.2d 608, 609 (9th Cir. 1990) (per curiam).  The Constitution requires that prison authorities
12 "assist inmates in the preparation and filing of meaningful legal papers by providing prisoners
13 with adequate law libraries or adequate assistance from persons trained in the law."  Bounds v.
14 Smith, 430 U.S. at 828; see also Phillips v. Hust, 588 F.3d 652, 655.  The Ninth Circuit has held
15 that "prisoners have a right under the First and Fourteenth Amendments to litigate claims
16 challenging their sentences or the conditions of their confinement to conclusion without *active*
17 *interference* by prison officials."  Silva v. Di Vittorio, 658 F.3d 1090, 1103 (9th Cir. 2011)
18 (emphasis in original).

19       The right of access to the courts is limited to non-frivolous direct criminal appeals, habeas
20 corpus proceedings, and § 1983 actions.  See Lewis, 518 U.S. at 353 n.3, 354-55.  In order to
21 frame a claim of a denial of the right to access the courts, a prisoner must establish that he has
22 suffered "actual injury," a jurisdictional requirement derived from the standing doctrine.  Lewis,
23 518 U.S. at 349.  An "actual injury" is "actual prejudice with respect to contemplated or existing
24 litigation, such as the inability to meet a filing deadline or to present a claim."  Lewis, 518 U.S. at
25 348 (citation and internal quotations omitted); see also Alvarez v. Hill, 518 F.3d 1152, 1155 n.1
26 (9th Cir. 2008) (noting that "[f]ailure to show that a 'non-frivolous legal claim had been
27 frustrated' is fatal" to a claim for denial of access to legal materials) (citing Lewis, 518 U.S. at
28 353 & n.4).

A prisoner asserting a backward-looking denial of access claim - - - one seeking a remedy for a lost opportunity to present a legal claim - - - must show the loss of a "nonfrivolous" or "arguable" underlying claim, "the official acts frustrating the litigation," and "a remedy that may be awarded as recompense but [that is] not otherwise available in some suit that may yet be brought." Christopher v. Harbury, 536 U.S. 403, 415, 417 (2002) (noting that a backward-looking denial of access complaint "should state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a), just as if it were being independently pursued. . . ."); see also Avalos v. Baca, 596 F.3d 583, 591 n.8 (9th Cir. 2010).

Plaintiff's allegations fail to establish or allege an actual injury. The case that plaintiff identifies as his prior action against the defendants, Case No. 2:13-cv-2313 CMK P, is a putative 28 U.S.C. § 2254 petition that has been summarily dismissed on grounds that plaintiff challenged the conditions of his confinement rather than the fact or duration of his custody. ECF Nos.12, 19 in Case No. 2:13-cv-2313 CMK P. This summary dismissal occurred after the filing of the instant complaint. Plaintiff has failed to make a threshold showing of having "been frustrated" in bringing a "non-frivolous legal claim" by any alleged deprivation of access to his legal property. Alvarezl, 518 F.3d at 1155 n.1 (9th Cir. 2008) (citing Lewis, 518 U.S. at 353 & n.4). The complaint will be dismissed for these reasons, but plaintiff will be granted leave to amend.

Deprivation of Property

The United States Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause. An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).

In the instant case, plaintiff has not alleged any facts which suggest that any deprivation of

5

1  his legal materials was authorized. Plaintiff does not identify his missing property or explain the
2  circumstances of its loss. He does not explain who was responsible, or whether the removal was
3  intentional or the loss negligent. What little information plaintiff provides suggests that its loss
4  was unauthorized. The complaint is therefore dismissed, but plaintiff is granted leave to amend.

        Amendment

6       If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions
7  complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v.
8  Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how
9  each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there
10 is some affirmative link or connection between a defendant's actions and the claimed deprivation.
11 Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980);
12 Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory
13 allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board
14 of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

15      In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to
16 make plaintiff's amended complaint complete. Local Rule 220 requires that an amended
17 complaint be complete in itself without reference to any prior pleading. This is because, as a
18 general rule, an amended complaint supersedes the original complaint. See Lacey v. Maricopa
19 County, 693 F.3d 896, 927 (9th Cir. 2012) ("the general rule is that an amended complaint
20 super[s]edes the original complaint and renders it without legal effect... .") Once plaintiff files an
21 amended complaint, the original pleading no longer serves any function in the case. Therefore, in
22 an amended complaint, as in an original complaint, each claim and the involvement of each
23 defendant must be sufficiently alleged.

24      In accordance with the above, IT IS HEREBY ORDERED that:

25      1. Plaintiff's request for leave to proceed in forma pauperis is granted.

26      2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff
27 is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §
28 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the

1   Director of the California Department of Corrections and Rehabilitation filed concurrently
2   herewith.
3       3.  The complaint is dismissed for the reasons discussed above, with leave to file an
4   amended complaint within twenty-eight days from the date of service of this order.  Failure to file
5   an amended complaint will result in dismissal of this action.
6   DATED: September 18, 2014

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE