1

2

3

4

5

6

7

8                                  UNITED STATES DISTRICT COURT

9                               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    ROBERT EDWARD DAHL, JR.,                      No.  2:14-cv-0949 AC P

12                    Plaintiff,

13           v.                                      ORDER

14    TIMOTHY VIRGA, et al.,

15                    Defendants.

16

17    I.  Introduction

18           Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed

19    pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to the jurisdiction of the undersigned

20    Magistrate Judge for all purposes pursuant to 28 U.S.C. § 636(c), and Local Rule 305(a).  See

21    ECF No. 4.  By order filed September 19, 2014, plaintiff's original complaint was dismissed with

22    leave to file a First Amended Complaint (FAC).  After two extensions of time, plaintiff filed his

23    FAC on January 5, 2015, ECF No. 15, together with a request for appointment of counsel, ECF

24    No. 14.  For the reasons that follow, plaintiff's FAC is dismissed with leave to file a Second

25    Amended Complaint (SAC), and plaintiff's request for appointment of counsel is denied without

26    prejudice.

27    ////

28    ////

                                                    1

1    II.  <u>Screening of FAC and Leave to File a SAC</u>

2           The court is required to screen complaints brought by prisoners seeking relief against a

3    governmental entity or an officer or employee of a governmental entity.  <u>See</u> 28 U.S.C. §

4    1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims

5    that are legally "frivolous or malicious,"fail to state a claim upon which relief may be granted, or

6    seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A

7    (b)(1) & (2).

8           A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

9    <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th

10   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

11   indisputably meritless legal theory or where the factual contentions are clearly baseless.  <u>Neitzke</u>,

12   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

13   pleaded, has an arguable legal and factual basis.  <u>See</u> <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th

14   Cir. 1989); <u>Franklin</u>, 745 F.2d at 1227.

15          Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

16   statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

17   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  <u>Bell Atlantic</u>

18   <u>Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)).

19   However, in order to survive dismissal for failure to state a claim a complaint must contain more

20   than "a formulaic recitation of the elements of a cause of action;" it must contain factual

21   allegations sufficient "to raise a right to relief above the speculative level."  <u>Bell Atlantic</u>, 127 S.

22   Ct. at 1965.  In reviewing a complaint under this standard, the court must accept as true the

23   allegations of the complaint.  <u>See</u> <u>Hospital Bldg. Co. v. Rex Hosp. Trustees</u>, 425 U.S. 738, 740

24   (1976).  The court must also construe the pleading in the light most favorable to the plaintiff and

25   resolve all doubts in the plaintiff's favor.  <u>See</u> <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

26          In dismissing plaintiff's original complaint, the court informed plaintiff, among other

27   things, of the elements for stating a Fourteenth Amendment due process claim based on the

28   confiscation or deprivation of his personal property.  The court noted:

> The United States Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause. An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).

ECF No. 6 at 5-6. Pursuant to these standards, the court noted the following deficiencies in plaintiff's original complaint:

> In the instant case, plaintiff has not alleged any facts which suggest that any deprivation of his legal materials was authorized. Plaintiff does not identify his missing property or explain the circumstances of its loss. He does not explain who was responsible, or whether the removal was intentional or the loss negligent. What little information plaintiff provides suggests that its loss was unauthorized. The complaint is therefore dismissed, but plaintiff is granted leave to amend.

Id.

Plaintiff clarifies matters in his FAC, although not sufficiently. Plaintiff now alleges that, on January 26, 2012, when defendant Correctional Sergeant Pennisi moved plaintiff from A Facility at Salinas Valley State Prison (SVSP), "they packed my stuff[.] I had my property such as my TV and some other stuff such as a cable and to this day it is still missing." ECF No. 15 at 3. Plaintiff further alleges that thereafter, when plaintiff was moved to SVSP's D-1 Building, defendant D-1-2 Property Officer "Prewitt lost some more of my stuff from my transcripts to my Department Operation Manuel (sic) and case laws that I had. I also had cards, envelopes and other stuff come up missing. . . ." Id. Plaintiff states that he wrote administrators and filed "another 602 [that] was granted for some of the other stuff lost throughout trips to crisis beds to prisons[,]" but "I cannot find anyone to answer for the lose [sic] of my TV my transcripts to a D.O.M. and other small stuff. Both Officer's . . . failed to protect my property." Id. at 4. Plaintiff seeks the following relief: "I would like the courts help in getting my property replaced by CDCR and or found. I need my books, TV, DOM and Cable as well as greeting cards to

1    envelopes replaced or found." Id. at 3.

2           Ambiguities remain in the FAC.  Plaintiff will be accorded one last opportunity to file an

3    amended complaint in order to clarify these matters.  Plaintiff is informed of the following

4    additional legal considerations:

> Under the Supreme Court's rulings in Parratt [v. Taylor, 451 U.S.
> 527 (1981), overruled on other grounds by Daniel v. Williams, 474
> U.S. 327 (1986)] and Hudson [v. Palmer, 468 U.S. 517 (1984)], a
> negligent or unauthorized, intentional deprivation of property does
> not give rise to a due process claim so long as the state provides an
> adequate post-deprivation remedy, such as the availability of a
> common-law state tort action against a private prison employee.
> Parratt, 451 U.S. at 537-38; Hudson, 468 U .S. at 533. The
> reasoning behind this rule is that a state cannot provide a pre-
> deprivation hearing for a property loss that the state cannot predict.
> Hudson, 468 U.S. at 532-33.  On the other hand, if the deprivation
> of property is carried out pursuant to an established state procedure
> or regulation, then the plaintiff can state a claim under the Due
> Process Clause. See id.; Quick [v. Jones, 754 F.2d 1521 (9th Cir.
> 1974) at 1523-24.  In these cases, authorized property deprivations
> are permissible if conducted pursuant to a regulation that is
> reasonably related to a legitimate penological interest. Turner v.
> Safley, 482 U.S. 78, 89 (1987).

15   Philippi v. Skolnik, 2013 WL 5372352, *9 (D. Nev. 2013).

16          These standards define the necessary scope of plaintiff's allegations in a further amended

17   complaint, in which plaintiff must answer the following questions as to each piece of property he

18   asserts he is missing – when, where, who, what and how.  Specifically, according to his best

19   recollection, plaintiff must allege that on a specific date, at a specific place, a specific defendant

20   confiscated plaintiff's specifically identified property, according to a specific method.  The last

21   question has two components:  (1) was the method of confiscation "formal" (pursuant to an

22   established prison procedure, generally including a list of the confiscated property), or "informal"

23   (ad hoc, pursuant to no established procedure or record); and (2) was the method of confiscation

24   "intentional" (deliberate), or "unintentional" (accidental)?  Plaintiff needs to answer each of these

25   questions for each piece of property; if several pieces of property share the same facts, then their

26   confiscation may be addressed together.

27          One additional matter requires further amendment of the complaint.  Plaintiff concedes

28   that he has not exhausted his administrative remedies.  See ECF No. 15 at 2 (plaintiff answered

4

1    "No" to the question, "Is the grievance process completed?").[1]  The Prison Litigation Reform Act

2    (PLRA) requires prisoners to exhaust "such administrative remedies as are available" before

3    commencing a suit challenging prison conditions.  42 U.S.C. § 1997e(a).  Regardless of the relief

4    sought, a prisoner must pursue a remedy through all levels of the prison's grievance process "as

5    long as *some* action can be ordered in response to the complaint."  Brown v. Valoff, 422 F.3d

6    926, 934 (9th Cir. 2005) (original emphasis) (citing Booth v. Churner, 532 U.S. 731, 739 (2001)).

7    "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural

8    rules because no adjudicative system can function effectively without imposing some orderly

9    structure on the course of its proceedings."  Woodford v. Ngo, 548 U.S. 81, 90-1 (2006) (fn.

10   omitted).

11        On the other hand, the PLRA does not require exhaustion "when circumstances render

12   administrative remedies 'effectively unavailable.'"  Sapp v. Kimbrell, 623 F.3d 813, 822 (9th Cir.

13   2010) (citation omitted).  However, courts in the Ninth Circuit require "a good-faith effort on the

14   part of inmates to exhaust a prison's administrative remedies as a prerequisite to finding remedies

15   effectively unavailable."  Albino v. Baca, 697 F.3d 1023, 1035 (9th Cir. 2012); see also Sapp, 623

16   F.3d at 823-24 (to fall within an exception to the exhaustion requirement, "a prisoner must show

17   that he attempted to exhaust his administrative remedies but was thwarted").

18        In the present case, in which plaintiff concedes that he has not exhausted his

19   administrative remedies, if plaintiff is able to state a cognizable legal claim in a SAC, he may

20   proceed in this action only if he also demonstrates that his administrative remedies were

21   effectively unavailable.

22        If plaintiff chooses to file a SAC, he must demonstrate how the conditions complained of

23   resulted in a deprivation of his federal constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227

24   (9th Cir. 1980).  The SAC must allege in specific terms how each defendant was involved in the

25   alleged deprivation of plaintiff's rights.  There can be no liability under 42 U.S.C. § 1983 unless

26   there is some affirmative link or connection between a defendant's challenged conduct and the

27

28   _____

[1]  In response to the question whether plaintiff filed a grievance, he states "Yes" and explains, "I'm pretty sure I did but I don't recall what I short the courts at the time."  ECF No. 15 at 2.

5

1  claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167

2  (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory

3  allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of

4  Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Local Rule 220 requires that the SAC be complete in

5  itself without reference to any prior pleading.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).

6  III.  Request for Appointment of Counsel

7        Finally, plaintiff requests appointment of counsel.  ECF No. 14.  Like most other

8  prisoners, plaintiff states that he is indigent and unlearned in the law.  He also states that he has a

9  limited education and understanding of the court's orders, and requires assistance in preparing

10 legal documents "do (sic) to mental problems" and ADHD.  Id. at 1-2.

11       Plaintiff is informed that district courts do not have authority to require attorneys to

12 represent indigent prisoners in Section 1983 cases.  Mallard v. United States Dist. Court, 490 U.S.

13 296, 298 (1989).  In certain "exceptional circumstances," the district court may request the

14 voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d

15 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

16 When determining whether "exceptional circumstances" exist, the court must consider plaintiff's

17 likelihood of success on the merits as well as his ability to articulate his claims pro se in light of

18 the complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009).

19 The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances

20 common to most prisoners, such as lack of legal education and limited law library access, do not

21 establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

22       In the present case, the court does not find the required exceptional circumstances at this

23 preliminary stage.  The legal issues presented by this case are limited and well established, and

24 their merit will depend on plaintiff's careful presentation of the facts, as instructed herein, and

25 whether plaintiff can demonstrate the unavailability of his administrative remedies.

26 IV.  Conclusion

27       Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED that:

28       1.  Plaintiff's FAC is dismissed with leave to file a SAC within thirty days after the filing

6

date of this order.  The SAC must bear the docket number assigned to this case and be labeled

"Second Amended Complaint."  Failure to timely file a SAC in accordance with this order will

result in a recommendation that this action be dismissed without prejudice.

     2.  Plaintiff's motion for appointment of counsel, ECF No. 14, is denied without

prejudice.

DATED: April 21, 2015

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

7