UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT EDWARD DAHL, JR., | No. 2:14-cv-0949 AC P |
| Plaintiff, | |
| v. | ORDER |
| TIMOTHY VIRGA, et al., | |
| Defendants. | |

I.   Introduction

Plaintiff is a state prisoner incarcerated under the authority of the California Department of Corrections and Rehabilitation (CDCR), proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. 1983. Plaintiff has consented to the jurisdiction of the undersigned Magistrate Judge for all purposes pursuant to 28 U.S.C. § 636(c), and Local Rule 305(a). See ECF No. 4. Currently pending before the court is plaintiff's Third Amended Complaint, filed October 13, 2015, which seeks the return or replacement of plaintiff's missing property. See ECF No. 31. For the reasons set forth herein, the court finds that plaintiff has again failed to state a cognizable federal claim for relief, and dismisses this action with prejudice.

II.   Background

As recounted in the court's order filed August 7, 2015, within the last three-and-one-half years, plaintiff was transferred at least eight times among five different correctional institutions,

resulting in the delayed return or disappearance of some of plaintiff's personal property.  See ECF No. 27.  At the court's request, and by special appearance, the Office of the California Attorney General (AG) twice inquired into the location(s) of plaintiff's property and provided detailed reports to the court.  See ECF Nos. 22, 28.  The AG's most recent report, submitted August 28, 2015, concludes that plaintiff is now in possession of all of his identified property.

While supporting plaintiff in locating his property, and pursuant to 28 U.S.C. § 1915A, the court screened and dismissed plaintiff's three prior complaints on the grounds that none stated a cognizable claim and because plaintiff sought to clarify the identity of the defendants.  See ECF No. 1 (original complaint), dismissed by order filed September 19, 2014 (ECF No. 6); ECF No. 15 (First Amended Complaint), dismissed by order filed April 22, 2015 (ECF No. 16); ECF No. 20 (Second Amended Complaint), dismissed by order filed August 7, 2015 (ECF No. 27).

In his Third Amended Complaint (TAC), plaintiff alleges that six defendant correctional officials are responsible for the continuing absence of plaintiff's following property, ECF No. 31 at 4-5:

> [M]y TV . . . some of my transcripts to my Department Operations Manual and some case laws, some greeting cards . . . toothpaste, 2 bars of Irish spring soap, shampoo, one book called the Prisoner's Guide to Survival which cost $50 dollars and a book of stamps x 20 . . . my shorts and T-shirt . . . my Spanish-English Dictionary . . . a Legal Book and . . . [book] to help me learn Spanish . . . [and] one box of magazines[.]

The TAC contains no express legal claim.  Plaintiff seeks the following relief, ECF No. 3, 5:

> I would like my stuff to be found or replaced. . . . I just want my stuff found or replaced and am will[ing] to work with CDCR to do so.

As a practical matter, the court notes that the August 28, 2015 inventory of the property in plaintiff's cell provides in pertinent part that plaintiff was then in possession of, inter alia, 10 books, 4 magazines, a dictionary, 2 Bibles, "correspondence/letters," and "legal work (active case), transcripts, medical paperwork, manila envelopes."  See ECF No. 26-1 at 2 (Acuna Decl., ¶5), and 17 (Inventory, AG Ex. 5).  Plaintiff prepared his TAC one month later, on September 28, 2015.  See ECF No. 31 at 3.

////

III. <u>Legal Standards</u>

A. <u>Screening of Complaint</u>

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A (b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. <u>Neitzke</u>, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th Cir. 1989); <u>Franklin</u>, 745 F.2d at 1227.

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face.'" <u>Iqbal</u> at 678 (quoting <u>Twombly</u> at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." <u>Id.</u> (citing <u>Twombly</u> at 556).

B. <u>Prisoner Property Claims</u>

As explained by the United States Supreme Court, "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural

3

requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). Where the state provides a meaningful post-deprivation remedy (e.g., as in California, a common law state tort action against a correctional employee in his personal capacity), only authorized, intentional deprivations of property by employees in their official capacities constitute actionable violations of the Due Process Clause. An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).

Applying these standards, this court timely informed plaintiff that any further amended complaint must clarify the following matters, see ECF No. 16 at 4:

> These standards define the necessary scope of plaintiff's allegations in a further amended complaint, in which plaintiff must answer the following questions as to each piece of property he asserts he is missing – when, where, who, what and how. Specifically, according to his best recollection, plaintiff must allege that on a specific date, at a specific place, a specific defendant confiscated plaintiff's specifically identified property, according to a specific method. The last question has two components: (1) was the method of confiscation "formal" (pursuant to an established prison procedure, generally including a list of the confiscated property), or "informal" (ad hoc, pursuant to no established procedure or record); and (2) was the method of confiscation "intentional" (deliberate), or "unintentional" (accidental)? Plaintiff needs to answer each of these questions for each piece of property; if several pieces of property share the same facts, then their confiscation may be addressed together.

C. Exhaustion of Administrative Remedies

The Prison Litigation Reform Act (PLRA) requires prisoners to exhaust "such administrative remedies as are available" before commencing a suit challenging prison conditions. See 42 U.S.C. § 1997e(a). Regardless of the relief sought, a prisoner must pursue a remedy through all levels of the prison's grievance process "as long as some action can be ordered in response to the complaint." Brown v. Valoff, 422 F.3d 926, 934 (9th Cir. 2005) (original emphasis) (citing Booth v. Churner, 532 U.S. 731, 739 (2001)). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the

course of its proceedings." Woodford v. Ngo, 548 U.S. 81, 90-1 (2006) (fn. omitted).

Although the PLRA does not require exhaustion "when circumstances render administrative remedies 'effectively unavailable,'" Sapp v. Kimbrell, 623 F.3d 813, 822 (9th Cir. 2010) (citation omitted), the Ninth Circuit requires demonstration of "a good-faith effort on the part of inmates to exhaust a prison's administrative remedies as a prerequisite to finding remedies effectively unavailable," Albino v. Baca, 697 F.3d 1023, 1035 (9th Cir. 2012); see also Sapp, 623 F.3d at 823-24 (to fall within an exception to the exhaustion requirement, "a prisoner must show that he attempted to exhaust his administrative remedies but was thwarted").

Applying these standards, the court noted plaintiff's concession in his First Amended Complaint (FAC) that he had not exhausted his administrative remedies. See ECF No. 16 at 4-5 (citing FAC, ECF No. 15 at 2). Specifically, plaintiff stated that he was "pretty sure" he had filed a relevant administrative grievance, and answered "No" to the question, "Is the grievance process completed?" ECF No. 15 at 2. The court informed plaintiff that he could proceed in this action on cognizable claims in a further amended complaint only if he "demonstrates that his administrative remedies were effectively unavailable." ECF No. 16 at 4.

IV.   Discussion

The TAC alleges that plaintiff submitted two administrative grievances, one in 2013 (Log No. SAC-P-13-00287) that "c[a]me up missing" after plaintiff submitted it for second level review, and one in 2014 (Log No. SAC-S-14-01286) that prison staff "refused to let . . . move forward" at the second level. See ECF No. 31 at 41. Assuming, for present purposes, that these statements support a prima facie demonstration that plaintiff attempted in good faith to exhaust his available administrative remedies but his efforts were thwarted by prison officials, see Albino, 697 F.3d at 1035; Sapp, 623 F.3d at 823-24, the court finds, nevertheless, that the TAC fails to state a cognizable federal claim for relief.

The TAC appears to make the following specific allegations against the following defendants, ECF No. 31 at 3-4:

> ● That defendant Sgt. Pennisi failed "to make sure that all my property got to me once I left the yard [at Salinas Valley State Prison (SVSP)]."

5

- That defendant property officer Prewitt failed to "pack all my stuff" when plaintiff was released from AdSeg [at SVSP]."

- That, when plaintiff was transferred from California State Prison-Sacramento (CSP-SAC) to Kern Valley State Prison, defendant property officer Magana "was supposed to take control over my property and make sure that I got it."

- That plaintiff's shorts and T-shirt "came up missing when I went to suicide watch on defendant officers Lee and Alfred's watch."

- That, when plaintiff was transferred from the California Medical Facility to CSP-SAC, "officer Porter took my Spanish-English Dictionary."

- In addition, plaintiff generally names as a defendant Kathleen Dickinson, former CDCR Director of Adult Institutions.

The court finds that these allegations assert no more than negligence in packing, processing, inventorying and/or returning plaintiff's property, or intentionally withholding of property without authorization. As explained above, only authorized and intentional deprivations of property constitute actionable violations of the Fourteenth Amendment's Due Process Clause. None of plaintiff's allegations assert or imply that a specific piece of property was taken from plaintiff and retained pursuant to official state regulation or procedure. Rather, plaintiff's allegations (and the information provided by the AG) indicate that, due to plaintiff's several interinstitutional transfers (and time plaintiff spent in AdSeg), his property was packed and repacked by several different officers, lagged behind plaintiff's transfers, and was then received in staggered, even haphazard, fashion. Plaintiff's only potential remedy is to pursue a state tort action against the implicated officers.

Because the TAC does not allege that any of the several officers responsible for processing plaintiff's property removed and/or retained any particular piece of plaintiff's property pursuant to a state authorized policy or procedure, the court finds that the TAC fails to state a cognizable federal claim.

As a general rule, a pro se litigant is entitled to notice of the deficiencies in his complaint and an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987). In the present case, the court has repeatedly informed plaintiff of the deficiencies in his pleadings, and he was accorded the

opportunity to file three amended complaints. In addition, the court obtained the assistance of the AG to twice inquire into the whereabouts of plaintiff's property, which in turn triggered CDCR to locate and provide plaintiff with all of his identified property. The court finds that further amendment of plaintiff's pleading would be futile.

V. <u>Conclusion</u>

In summary, the court finds that the allegations of plaintiff's Third Amended Complaint, like the complaints previously filed in this action, fail to state a federal due process claim against any named defendant.

Accordingly, IT IS HEREBY ORDERED, pursuant to 28 U.S.C. § 1915A(b)(1), that this action is dismissed with prejudice for failure to state a claim upon which relief may be granted.

DATED: November 13, 2015

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE